**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

       vs.

**PATRICK WALTON,**

       **Defendant.**

5:06-CR-185 (NAM)

---

**ORDER**

Defendant Patrick Walton was charged in a one count indictment with being an unlawful user of a controlled substance as defined in 21 U.S.C. § 802, who knowingly possessed in and affecting commerce, a firearm, to wit, a Marlin Model 60 .22LR, rifle, serial number 02205411, manufactured in Connecticut, which had been transported in interstate commerce in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). The indictment also contains a forfeiture allegation regarding all firearms involved in the commission of the offense, including one Marlin Model 60 .22 LR rifle serial no. 02205411; one Ruger 10-22 .22 caliber rifle serial no. 12773937; and one Savage 12 gauge shotgun serial no. E680012.

On May 18, 2007, defendant waived, in Court and in writing, his right to a jury trial as well as the right to request specific findings of fact as provided by Rule 23(c) of the Federal Rules of Civil Procedure. Dkt. no. 25. The government consented to a nonjury trial in this case and the Court approved defendant's waiver. *Id*.

The parties request the Court to render a decision upon stipulated facts. As such, the parties stipulate to the following:

> That on April 19, 2006 in the Northern District of New York, the defendant Patrick Walton, being an unlawful drug user of a controlled substance, did possess a firearm, to wit, a Marlin Model 60 .22LR, Rifle, Serial #02205411, manufactured in Connecticut, which had been transported in interstate commerce.

Dkt. no. 26. The government and defense further agree to stipulate a number of documents into

evidence to assist the Court in deciding this matter. Dkt. no. 26. Defendant previously filed a notice of an insanity defense pursuant to Rule 12.2 of the Federal Rules of Criminal Procedure. Dkt. no. 18. Thus, the only issue to be decided is whether defendant's conduct was done knowingly in violation of the statute.[1]

Among the parties' evidentiary submissions are a report (Gov't Ex. 7) and an affidavit (Gov't Ex. 8) by psychologist William J. Ryan, Ph.D, an expert appointed by the Court to examine defendant pursuant to 18 U.S.C. § 4241 and 4242 (Dkt. no. 7) regarding the issues of competency to stand trial[2] and insanity at the time of the commission of the offense charged. According to the affidavit, which is uncontroverted, Dr. Ryan is of the opinion "with a reasonable degree of psychological certainty that Patrick Walton's mental illness deprived him of the ability to appreciate the wrongfulness of his conduct at the time of the alleged offense." Gov't Ex. 8.

Thus, based on the uncontroverted evidence, the Court finds with regard to Count 1 in the indictment, unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), that defendant has proven by clear and convincing evidence that as a result of a severe mental disease or defect, he was "unable to appreciate the wrongfulness of his acts", 18 U.S.C. § 17. Accordingly, the Court finds that defendant is not guilty only by reason of insanity. Probation is directed to prepare and submit a Presentence Report.

**IT IS SO ORDERED.**

Dated: May 22, 2007
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge

---

[1] On May 18, 2007, defendant agreed, in Court, to forfeit the firearms listed in the indictment.

[2] In a report dated July 10, 2006, Dr. Ryan opined that defendant was competent to stand trial. Gov't Ex. 7.

2