IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

*******************************************

**UNITED STATES OF AMERICA**

v.

Criminal No. 5: 06-CR-185

**PATRICK WALTON**
**Defendant.**

*******************************************

## AMENDED PRELIMINARY ORDER OF FORFEITURE

**IT IS HEREBY ORDERED THAT:**

1.      As a result of his guilty plea to Count 1 of Indictment No. 06-CR-185, which alleged forfeiture pursuant to 18 U.S.C. §924(d), and the defendant's admission of the forfeiture allegation on the record on May 18, 2007 which are set forth in that Indictment, the defendant shall forfeit to the United States all his right, title and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of the charged 18 U.S.C. §922(g)(3) and 924(a)(2) as alleged in Indictment No. 06-CR-185.

2.      On or about February 9, 2006, based on alleged threats to harm United States Postal Service employees, defendant voluntarily provided the United States Postal Inspection Service, Syracuse, New York with a Ruger 10-22 .22 caliber rifle, serial no. 12773937 ("Ruger") and a Savage 12 gauge shotgun, serial no. E680012 ("Savage").

3.      On or about April 13, 2006, the United States Postal Inspection Service, Syracuse, New York, returned the Ruger and Savage back to defendant because defendant had not been, at that time, charged with a crime.

4.      Defendant's Father, Ellesworth Walton, Sr. subsequently sold the subject Ruger and the subject Savage to a third party.

5. On or about April 19, 2006, defendant was arrested after meeting with the United States Postmaster of the Cicero/Clay, New York Post Office in the Post Office's parking lot, while in possession of a Marlin Model 60.22 rifle, serial number 02205411. He was charged with a violation of 18 U.S.C. §§922(g)(3) and 924(a)(2).

6. On or about May 25, 2006, Indictment No.: 06-CR-185 listed the following firearms in the forfeiture allegation:

    I. One Marlin Model 60 .22 LR rifle serial no. 02205411;

    ii. One Ruger 10-22 .22 caliber rifle serial no. 12773937;

    iii. One Savage 12 gauge shotgun serial no. E680012.

7. On or about May 18, 2007, defendant, agreed in Court, to forfeit and abandon his interest in the three firearms listed in Indictment No.: 06-CR-185. In an Order dated May 22, 2007, finding the defendant not guilty by reason of insanity, the Hon. Norman A. Mordue, based on defendant's consent, ordered that the defendant forfeit and abandon his interest in the three firearms listed in the Indictment.

8. The May 22, 2007 Order found defendant not guilty only by reason of insanity and the Court determined that based on evidence already in the record, including the defendant's verbal agreement at the time of his plea on May 18, 2007, to forfeit and abandon the three firearms referred to above. With the consent of the defendant, the following remaining property is subject to forfeiture and abandonment pursuant to 18 U.S.C. §924(d), and that the government has established the requisite nexus between such property and such offense:

A. **FIREARMS:**

    I. One Marlin Model 60 .22 LR rifle serial no. 02205411.

9. Upon the entry of this Order, the United States Marshals Service is authorized to seize the properties set forth above.

10. Upon entry of this Order, the United States Attorney is authorized to conduct any discovery proper in identifying, locating or disposing of the properties subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

11. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

12. The United States shall publish notice of the Order and its intent to dispose of the properties in such a manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject properties.

13. Any person, other than the above named defendant, asserting a legal interest in any of the subject properties may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his/her alleged interest in the subject properties, and for an amendment of the Order of Forfeiture, pursuant to 18 U.S.C. §2253(m)(6).

14. Any petition filed by a third party asserting an interest in the subject properties shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject properties, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject properties, and any additional facts supporting the petitioner's claim and the relief sought.

15. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(B) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

16. The United States shall have clear title to the subject properties following the Court's

disposition of all third-party interests, or, if none, following the expiration of the period provided in 18 U.S.C. §2253(m)(2) for the filing of third party petitions.

17. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing or before sentencing if the defendant consents and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture as provided by Fed.R.Crim.P. 32.2(c)(2).

18. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

19. The Clerk of the Court shall forward six (6) certified copies of this order to Assistant U.S. Attorney Thomas A. Capezza, United States Attorney's Office for the Northern District of New York, P.O. Box 7198, 100 South Clinton Street, Syracuse, New York 13261-7198.

Dated: August 15, 2007

SO ORDERED:

HONORABLE NORMAN A. MORDUE
CHIEF U.S. DISTRICT JUDGE