IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*********************************************

UNITED STATES OF AMERICA

v.

PATRICK A. WALTON,

Defendant.

*******************************************

Criminal Action No.
06-CR-185 (NAM)

ORDER

DEC 18 2007

Defendant Patrick Walton was previously charged in a one count Indictment with being an unauthorized user of a controlled substance as defined in Title 21, United States Code, Section 802, who knowingly possessed in and effecting commerce, a firearm, to wit, a Marlin Model 60.22 LR, Rifle, manufactured in the State of Connecticut, which had been transported in interstate commerce in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2), and the Court, in a non-jury trial on May 18, 2007, consented to by the parties, found the defendant to be not guilty only by reason of insanity based upon uncontroverted evidence.

Following entry of its verdict, the Court, pursuant to Title 18, United States Code, Sections 4243(a) and 4243(b) and Title 18, United States Code, Sections 4247(b) and 4247(c), ordered defendant to be committed to custody of the Attorney General for a reasonable period, not to exceed 45 days, during which a psychiatric or psychological examination of the be conducted to determine whether he was suffering from a present mental disease or defect as the result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.

Pursuant to the Court's order, a psychiatric evaluation of defendant was conducted by the Federal Bureau of Prisons at the Federal Medical Center in Butner, North Carolina. Written findings of the defendant's psychiatric evaluation were filed with the Court on November 15, 2007 with

copies being provided to counsel for the defendant and the government. Based upon its examination of the defendant, the Federal Medical Center Risk Panel concluded that defendant's condition does not meet the criteria warranting further commitment pursuant to Title 18, United States Code, Section 4243.

On December 11, 2007, the Court conducted a hearing, via conference call, with counsel for the defendant and the government concerning the findings and recommendation contained in the psychiatric examination report. No objections were made to the report and both counsel waived any further hearing pursuant to Title 18, United States Codes, Section 4243(e).

If therefore appearing that the defendant does not suffer from a present mental disease or defect as a result of which his release would create substantial risk of bodily injury to another person or serious damage to property of another, it is hereby

ORDERED that the defendant be immediately discharged from the custody of the Attorney General pursuant to Title 18, United States Code, Section 4243 (f), and upon his release, it is further

ORDERED that the defendant shall refrain from the use of any illegal drugs and alcohol, and it is further

ORDERED that the defendant comply with any prescribed regimen of medical, psychiatric or psychological care and treatment, and it is further

ORDERED that the defendant shall not enter or be in the immediate vicinity of the property surrounding the Cicero/Clay Post Office located at 5601 N.Y.S. Route 31 in Cicero, New York.

IT IS SO ORDERED.

December 18, 2007

HON. NORMAN A. MORDUE
Chief United States District Judge

2